UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Travelers Casualty & Surety Co. (f/k/a The Aetna Casualty and Surety Co.,   )<br>)<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>Gerling Global Reinsurance Corp. of America (f/k/a Constitution Reinsurance Corp.),   )<br>)<br>)<br>)<br>Defendant.   ) | CIVIL ACTION<br>NO. 3:01-cv-872 (JBA)<br><br>September 16, 2005 |

### PLAINTIFF TRAVELERS CASUALTY AND SURETY CO.'S
### MOTION FOR ENTRY OF JUDGMENT

Plaintiff Travelers Casualty and Surety Co. (f/k/a The Aetna Casualty and Surety Company) ("Travelers"), respectfully moves this Court for Entry of Judgment, in the amount of $4,390,817 plus mandatory New York state statutory interest thereon, a proposed form of which is attached hereto as Exhibit A.  Travelers seeks this judgment pursuant to the Order dated August 18, 2005 (the "Order") and the Mandate dated September 8, 2005 issued by the United States Court of Appeals for the Second Circuit. For the reasons more fully set forth in the Order, the Appellate Court reversed this Court's prior decision dated September 30, 2003 granting summary judgment to Defendant Gerling Global Reinsurance Corp. of America ("Gerling"), and remanded to this Court for entry of an order granting summary judgment in favor of Travelers. Pursuant to settled law, Travelers is also entitled to statutory interest on the judgment.

## ARGUMENT

I.     **TRAVELERS IS ENTITLED TO JUDGMENT IN THE PRINCIPAL AMOUNT OF $4,390,817**

Over a period of several years, Travelers demanded payments from its reinsurer Gerling for those portions of its settlement with its insured, Owens Corning Fiberglass ("OCF"), that it had allocated to the policies reinsured by the reinsurance certificates provided by Gerling.  These demands resulted in total outstanding billings at the time of the Complaint in the amount of $4,013,069.  *See* Compl. at ¶ 28 ("As of the date of this Complaint, [Gerling] owes Travelers Casualty $4,013,069 in respect of the billings submitted under the Reinsurance Certificates . . . ."); *see id.* at ¶¶ 34, 38 ("Travelers has been damaged in the sum of approximately $4,013,069, together with interest from the date payment was due from [Gerling] under the Reinsurance Certificates.").  *See also* Exhibit B (summarizing billings).  Since the date of the Complaint, an additional bill was sent to Gerling on June 30, 2001 in the total amount of $377,748, for a total principal amount outstanding of approximately $4,390,817.  *See* Exhibit C (bills sent to Gerling).

In its Order reversing summary judgment in favor of Gerling, the Appellate Court instructed that "Gerling is required to indemnify Travelers for that portion of the OCF Settlement—as allocated by Travelers—covered by Gerling's reinsurance certificates." Opinion at 33-34.  Accordingly, Travelers hereby moves for entry of judgment in the principal amount of $4,390,817, which reflects the allocation amount covered by Gerling's reinsurance certificates.

II.     **TRAVELERS IS ALSO ENTITLED TO PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

In addition to the principal amount of the billings, Travelers sought interest on the amount it had demanded from Gerling.  *See* Compl. at ¶¶ 34, 38.  Specifically, New

York law provides for the computation of statutory interest in three stages: (1) from accrual to decision; (2) from decision to entry of judgment; and (3) from entry of judgment until the judgment is paid, and the compounding of interest as the claim steps from one category into the next. *See* N.Y. C.P.L.R. 5001, note C5001:4 (McKinney 1992) (Point from Which Interest Computed); *see also 8B Carmody-Wait 2d New York Practice with Forms § 63:95*.

### A.    Pre-Judgment Interest

Travelers' right to prejudgment interest in the amount of $2,336,008 is indisputable. As a matter of law, state law governs the award of prejudgment interest in breach of contract cases in federal court where jurisdiction is based on diversity. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 186 (2d Cir. 2001); *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999). Both Travelers and Gerling agree that under Connecticut's most significant relationship test (*Reichhold Chemicals, Inc. v. Hartford Accident & Indemnity Co.*, 750 A.2d 1051, 1055 (Conn. 2000)), choice of law dictates that New York law governs substantive issues of law in this case. Indeed, Gerling argued strenuously on appeal that New York law applies in this action. *See* Gerling Reply Brief on Appeal at 30 ("[B]ecause New York contracts predominate, New York law applies.").

Under New York law, prejudgment interest is an issue of substantive law. *See Valley Juice Ltd. v. Evian Waters of France, Inc.*, 87 F.3d 604, 614 (2d Cir. 1996) (New York's prejudgment interest statute is "'a rule of substantive law to be applied by Connecticut courts when New York law is applicable pursuant to choice of law principles.'") (quoting *PaineWebber Jackson & Curtis, Inc. v. Winters*, 579 A.2d 545,

551-53 (Conn. App.  1990).   Thus, New York law governs the award of prejudgment interest in this case.

New York law provides for prejudgment interest as a matter of right in a breach of contract action.  *See* N.Y. C.P.L.R. 5001 (McKinney 1992) ("Interest *shall be* recovered upon a sum awarded because of a breach of performance of a contract . . . .") (emphasis added); *see also Gizzi v. Hall*, 309 A.D.2d 1140, 1142 (N.Y. App. Div. 2003) ("Prejudgment interest in a breach of contract action is mandated[;] . . . it is a "means to make the aggrieved party whole") (citation omitted).[1]   Section 5004 of the New York Civil Practice Rules and Law sets the applicable rate of interest at nine percent (9%) per annum.  *See* N.Y. C.P.L.R. 5004 (McKinney 1992).   The prejudgment interest award should be "computed from the earliest ascertainable date the cause of action existed . . . .  Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."  N.Y. C.P.L.R. 5001(b).  Here, Travelers' cause of action accrued at various points in time, namely, when each bill was submitted to Gerling.

Prejudgment interest accrues until the time of decision, which was rendered in this case by the Second Circuit on August 18, 2005.  A spreadsheet of relevant billing dates and principal amounts, attached hereto as Exhibit B, shows that the total amount of pre-judgment interest to which Plaintiff Travelers is entitled amounts to $2,336,008.

Thus, Travelers respectfully requests that this Court's entry of judgment award to Plaintiff prejudgment interest through August 18, 2005 in the amount of $2,336,008.

---

[1]    New York law provides that the Court shall set the accrual dates for purposes of prejudgment interest in its decision and judgment.   *See* N.Y. C.P.L.R. 5001(c).

**B.    Post-Judgment Interest**

Pursuant to New York law, Travelers also seeks *mandatory* post-judgment interest in amounts to be determined for (i) the period between decision (*i.e.*, August 18, 2005) and judgment and (ii) the period between judgment and full satisfaction. According to the governing statute, nine percent interest per annum shall accrue on the combined amount of principal plus prejudgment interest (*i.e.*, on $6,726,825) from August 18, 2005 (the date of decision) until judgment is entered. *See* N.Y. C.P.L.R. 5001 (McKinney 1992); *see also 8B Carmody-Wait 2d New York Practice with Forms § 63:95.* Further, *all* sums awarded before judgment shall bear interest at the judgment rate of nine percent per annum from the date of judgment until it is satisfied in full. *See id*.

## CONCLUSION

Travelers Casualty and Surety Company respectfully moves this Court to issue a Judgment in favor of Travelers in the amount of $4,390,817 plus (i) prejudgment interest in the amount of $2,336,008, (ii) interest at a rate of nine percent per annum on the total amount of $6,726,825, representing principal plus prejudgment interest, during the period from decision to entry of judgment, and (iii) interest at a rate of nine percent per

-6-

annum on the total amount of principal plus all interest accrued to judgment until the

judgment is satisfied in full.

THE PLAINTIFF,
Travelers Casualty & Surety Co.


By:          //ss//
           Brian C. Roche (17975
           Thomas F. Maxwell, Jr. (00132)
           Pullman & Comley, LLC
           850 Main Street, P.O. Box 7006
           Bridgeport, CT  06601-7006
           Telephone (203) 330-2000
           Facsimile (203) 576-8888
           Its Attorneys

- and –

Mary Kay Vyskocil (ct02814)
Simpson, Thacher & Bartlett
425 Lexington Avenue
New York, NY  10017
Telephone:  (212)455-2000
Facsimile:  (212)455-2502

**CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was electronically delivered or mailed on the 16th day of September 2005, to all counsel and pro se parties of record.

Robert Bates Jr., Esq.
Mark G. Sheridan, Esq.
Bates & Carey LLP
191 North Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 762-3100

David A. Slossberg, Esq.
Hurwitz, Sagarin & Slossberg LLC
147 N. Broad Street
Milford, Connecticut 06460
(203) 877-8000

                                    //ss//
                                Brian C. Roche – ct17975
                                Thomas F. Maxwell, Jr. – ct00132

Bridgeport/67606.3/TXM/572541v1