UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

TRAVELERS CASUALTY AND SURETY CO. : x
(f/k/a The Aetna Casualty and Surety Co.), :
:
              Plaintiff, :   CIVIL CASE NO.
:   301 CV 872 (JBA)
     v. :
:
GERLING GLOBAL REINSURANCE CORP. :
OF AMERICA :
(f/k/a Constitution Reinsurance Corp.), :
:
              Defendant. :
                                                   x

**GERLING GLOBAL REINSURANCE CORPORATION OF AMERICA'S
MEMORANDUM IN OPPOSITION TO TRAVELERS CASUALTY AND SURETY
COMPANY'S MOTION FOR ENTRY OF JUDGMENT**

Gerling Global Reinsurance Corporation of America ("Gerling") opposes Travelers' Casualty and Surety Company's ("Travelers") Motion for Entry of Judgment on the grounds that it seeks judgment in an amount in excess of the express terms of the certificates of reinsurance. Gerling requests that the Court enter judgment in the principal amount of $4,000,000, plus interest, which is all that Travelers is entitled to.

I.     **TRAVELERS IS ENTITLED TO JUDGMENT ONLY IN THE PRINCIPAL AMOUNT OF $4 MILLION – THE MAXIMUM LIMIT PROVIDED UNDER THE REINSURANCE CERTIFICATES**

On August 18, 2005, the United States Court of Appeals for the Second Circuit held that Gerling must indemnify Travelers for a portion of Travelers' settlement with its insured, Owens-Corning Fiberglass ("OCF"), but only "so long as [that portion] fell within the terms and conditions ... of the certificate[s]," and only up to the amount that is actually "covered by Gerling's reinsurance certificates." *Travelers Cas. & Sur. Co. v. Gerling Global Reinsurance Corp. of America*, 419 F.3d 181, 184, 195 (2d Cir. 2005).

Each reinsurance certificate provides a limit of liability that caps coverage at a specified amount. *See* Facultative Certificates of Reinsurance, attached as Exhibits 1-5. Together, the reinsurance certificates provide a total of $4,000,000 in coverage, as set forth below:

**Amount of Coverage Under the Reinsurance Certificates**

| Certificate Number | Policy Period | Maximum Amount of Coverage [1] |
|---|---|---|
| 62925 | 10/22/75 – 10/22/76 | $1,000,000 |
| 62926 | 10/22/75 – 10/22/76 | $1,000,000 |
| 64075 | 10/22/76 – 10/22/77 | $500,000 |
| 64076 | 10/22/76 – 10/22/77 | $500,000 |
| 64077 | 10/22/76 – 10/22/77 | $1,000,000 |

**TOTAL AMOUNT OF COVERAGE: $4,000,000.00**

As such, Travelers' principal payment request of $4,390,817.43 exceeds the limits of liability provided under the reinsurance certificates by $390,817.43.

In *Bellefonte Reinsurance Co. v. Aetna Cas. & Sur. Co.*, 903 F.2d 910, 912 (2d Cir. 1990), the Second Circuit held that a reinsurer was not obligated to indemnify the cedent for amounts in excess of the amount of coverage provided in the reinsurance certificates. Similar to the limits of liability contained in Gerling's reinsurance certificates, the reinsurance certificates

---

[1] The coverage afforded under each certificate applies to "each occurrence." As Travelers successfully argued to the Second Circuit, Travelers' underlying settlement payments to OCF, which gave rise to the instant reinsurance dispute, were on account of a single occurrence. Thus, the "each occurrence" limits, set forth above, are the maximum amounts available under the certificates.

interpreted by the *Bellefonte* court provided a specific limit that capped the reinsurer's liability. *Compare* Facultative Certificates of Reinsurance, attached as Exhibits 1-5 (providing in three certificates a "Reinsurance Accepted" amount of "$1,000,000 each occurrence," and in two certificates a "Reinsurance Accepted" amount of "$500,000 each occurrence"), *with Bellefonte*, 903 F.2d at 911, 913 (interpreting reinsurance certificate providing a "Reinsurance Accepted" amount of "$500,000 part of $5,000,000 excess of $10,000,000 excess of underlying limits"). The *Bellefonte* court held that the reinsurer was not liable for an amount beyond the stated limits of coverage in the certificate.

Significantly, the court expressly found that the "follow the fortunes" doctrine does not permit the cedent to recover amounts "beyond the express cap stated in the certificates." *Id.* at 913. Thus, notwithstanding the "follow the fortunes" doctrine, the reinsurers' maximum exposure was limited by the amounts expressly set forth in the certificates. *See also Unigard Security Ins. Co., Inc. v. North River Ins. Co.*, 4 F.3d 1049, 1071 (2d Cir. 1993) (holding that reinsurer "is not liable for expenses beyond the stated limit" in the reinsurance certificate).

The law of New York, which Travelers claims governs the determination of its award, is the same. Last year, the New York Court of Appeals explicitly followed the holdings of the Second Circuit in *Bellefonte* and *Unigard* in concluding that a reinsurer "cannot be required to pay loss adjustment expenses in excess of the stated limit in the reinsurance policy." *Excess Ins. Co. Ltd. v. Factory Mut. Ins. Co.*, 3 N.Y.3d 577, 583 (N.Y. 2004). Accordingly, Travelers is not entitled to coverage beyond the limits of liability clearly established in the reinsurance certificates.

3

Gerling is required to indemnify Travelers only up to the collective $4,000,000 limit of liability contained in the reinsurance certificates. Gerling has no obligation to pay the amount of any bill seeking indemnity for amounts exceeding that limit.

II.  **TRAVELERS IS ENTITLED TO PRE-JUDGMENT INTEREST ONLY UPON THE PROPER PRINCIPAL AMOUNT**

Pre-judgment interest should be based upon the correct $4 million principal amount, not upon the higher amount that Travelers claims it is entitled to. Travelers' pre-judgment interest demand -- $2,336,008 -- is based on its erroneous calculation of the principal amount it is owed, which (as explained above) exceeds the limits of liability provided in the reinsurance certificates. Gerling, however, should be required to pay pre-judgment interest only upon the correct principal amount of its obligation to Travelers.

Accordingly, the amount of pre-judgment interest is properly calculated by applying the 9% annual pre-judgment interest rate to the amount of each bill covered under the reinsurance certificates, excluding any amounts billed that exceed the limit on the certificates. *See* Exhibit 6, Chart A. The calculation then multiplies the amount covered under each reinsurance certificate by the number of years from the date of the billing until the date of entry of judgment in favor of Travelers. *See* Exhibit 6, Chart B. No interest should run on amounts that Travelers billed Gerling in excess of the limits of the certificates. As set forth more fully in Exhibit 6, this calculation results in a total pre-judgment interest amount of $2,158,185.

III. **TRAVELERS IS ENTITLED TO A TOTAL JUDGMENT OF $6,158,185**

Although Travelers requests a total judgment of $6,726,825, it is actually entitled only to a total judgment of $6,158,185. The principal amount of that judgment is the full $4,000,000 limit on the certificates, but no more. The pre-judgment interest calculated on that amount is $2,158,185. *See* Exhibit 6.

4

## IV. CONCLUSION

Travelers' calculations of the amount of its principal award and pre-judgment interest erroneously ignore well-established law that a cedent may not recover costs in excess of the limit of liability provided under a certificate of reinsurance. Gerling Global Reinsurance Corporation of America respectfully requests that this Court limit any award to the principal amount of $4,000,000 provided under the reinsurance certificates, plus pre-judgment interest in the amount of $2,158,185.

Dated: Chicago, Illinois
October 6, 2005

BATES & CAREY LLP

By: _____
Robert J. Bates, Jr.
Mark G. Sheridan
191 N. Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 762-3100

David A. Slossberg
Hurwitz, Sagarin & Slossberg LLC
147 N. Broad Street
Milford, CT 06460
(203) 877-8000

*Attorneys for Gerling Global Reinsurance Company*

180656_1.DOC