A 775

CLASS 17 50 %
CLASS 18 50 %

COMPANY 1035 | BROKER 0120 | BROKER NAME CARPENTER - NEW YORK | COMMISSION 0 0·00 | BASIS N | BROKERAGE 1 0·00

# CONSTITUTION REINSURANCE CORPORATION

110 WILLIAM STREET • NEW YORK, N.Y. 10038

CERTIFICATE NUMBER 64075

CEDING COMPANY AND ADDRESS

THE AETNA CASUALTY & SURETY COMPANY

NAME OF INSURED: OWENS-CORNING FIBERGLAS CORP.

COMPANY POLICY NUMBER: 02 XS 1712 SCA

CITY: TOLEDO

STATE: OHIO

ZIP: 43659

REINSURANCE POLICY PERIOD: 10/22/76 10/22/77

COMPANY POLICY PERIOD: 10/22/76 TO 10/22/77

RENEWAL CERTIFICATE NO.

REPLACES CERTIFICATE NO.

ITEM 1 - TYPE OF INSURANCE

UMBRELLA LIABILITY

ITEM 2 - POLICY LIMITS & APPLICATION

$25,000,000 EACH OCCURRENCE AND IN THE AGGREGATE WHERE APPLICABLE EXCESS OF UNDERLYING INSURANCE

ITEM 3 - COMPANY RETENTION

REGISTERED JAN 1977 PAID 1/14/77

$[illegible],500,000 SUBJECT TO FACULTATIVE REINSURANCE

ITEM 4 - REINSURANCE ACCEPTED

$500,000 EACH OCCURRENCE AND IN THE AGGREGATE WHERE APPLICABLE PART OF $4,000,000 WHICH IS EXCESS OF $1,000,000 WHICH IN TURN IS EXCESS OF UNDERLYING INSURANCE

ITEM 5 - BASIS OF ACCEPTANCE

[X] EXCESS OF LOSS [ ] CONTRIBUTING EXCESS [ ] NON-CONCURRENT

ITEM 6 - PREMIUM

$32,000.00 NET.

ITEM 7 - CANCELLATION NOTICE

45 DAYS

COPY

A 776

# CERTIFICATE OF REINSUR[illegible]

## CONSTITUTION REINSURANCE CORPORATION

110 WILLIAM STREET
NEW YORK, NEW YORK 10038
herein called the Reinsurer

## REINSURING AGREEMENTS AND CONDITIONS

In consideration of the payment of the premium and subject to the terms, conditions and limits of liability set forth herein and in the Declarations made a part hereof, the Reinsurer does hereby reinsure the ceding company named in the Declarations (herein called the Company) in respect of the Company's policy(ies) as follows:

A. The Company warrants to retain for its own account, subject to treaty reinsurance if [illegible], the amount of liability specified in Item 3 of the Declarations, unless otherwise declared to the Reinsurer. The liability of the Reinsurer, as specified in Item 4 of the Declarations, shall follow that of the Company and shall be subject in all respects to [illegible] the terms and conditions of the Company's policy except when otherwise specifically provided herein or designated as non-concurrent reinsurance in the Declarations. The [illegible] Certificate period shall be as [illegible] the Declarations at 12 [illegible] specified [illegible] Company's [illegible]. The Company shall [illegible] with a copy of [illegible] policy and all endorsements thereto and agrees to [illegible] Reinsurer promptly of all changes which in any manner affect this Certificate of Reinsurance. The Company shall make available for inspection [illegible] place at the disposal of the Reinsurer at [illegible] reasonable times, all records of the Company relating to this Certificate of Reinsurance or claims in connection therewith.

B. [illegible] event [illegible] other than the Company or [illegible] event of the Company's insolvency, [illegible] liquidator or statutory successor, have any rights under this Certificate [illegible].

C. The Company shall notify the Reinsurer promptly of any occurrence which in the Company's estimate of the value of injuries or damages sought, without regard to liability, might result in judgment in an amount sufficient to involve this Certificate of Reinsurance. The Company shall also notify the Reinsurer promptly of any occurrence in respect of which the Company has created a loss reserve equal to or greater than fifty (50) percent of the Company's retention specified in Item 3 of the Declaration, or, if this reinsurance applies on a contributing excess basis, when notice of claim is received by the Company. While the Reinsurer does not undertake to investigate or defend claims or suits, it shall nevertheless have the right and shall be given the opportunity, with the full cooperation of the Company, to associate counsel at its own expense and to join with the Company and its representatives in the defense and control of any claim, suit or proceeding involving this Certificate of Reinsurance.

D. All loss settlements made by the Company, provided they are within the terms and conditions of the original policy(ies) and within the terms and conditions of this Certificate of Reinsurance, shall be binding on the Reinsurer. Upon receipt of a definitive statement of loss, the Reinsurer shall promptly pay its proportion of such loss as set forth in the Declarations. In addition thereto, the Reinsurer shall pay its proportion of expenses (other than office expenses and payments to any salaried employee) incurred by the Company in the investigation and settlement of claims or suits and its proportion of court costs and interest on any judgment or award, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment. If there is no loss payment, the Reinsurer shall pay its proportion of such expenses only in respect of business accepted on a contributing excess basis and then only in the percentage stated in Item 4 of the Declarations in the first layer of participation.

E. **Definitions**

As used in this Certificate the following terms shall have the meaning set opposite each.

**EXCESS OF LOSS** The limit(s) of liability of the Reinsurer, as stated in Item 4 of the Declarations (Reinsurance Accepted) apply(ies) only to that portion of loss settlement(s) in excess of the applicable retention of the Company as stated in Item 3 of the Declarations.

**CONTRIBUTING EXCESS** The Company's policy applies in excess of other valid insurance, reinsurance or a self-insured retention and the limit of liability of the Reinsurer applies proportionally to all loss settlements in the percentage(s) set forth in Item 4 of the Declarations.

**NON-CONCURRENT** The reinsurance provided does not apply to any hazards or risks of loss or damage covered under the Company's policy other than those specifically set forth in the Declarations. The retention of the Company and liability of the Reinsurer shall be determined as though the Company's policy applied only to the hazards or risks of loss or damage specifically described in the Declarations.

F. The Reinsurer will be paid or credited by the Company with its proportion of salvage, that is, reimbursement obtained or recovery made by the Company less all expenses paid by the Company in making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

G. The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate of Reinsurance.

H. In the event of the insolvency of the Company, the reinsurance provided by this Certificate shall be payable by the Reinsurer on the basis of the liability of the Company under the policy(ies) reinsured, without diminution because of such insolvency, directly to the Company or its receiver, liquidator, or statutory successor. The Reinsurer shall be given written notice of the pendancy of each claim against the Company on the policy(ies) reinsured hereunder within a reasonable time after such claim is filed in the insolvency proceeding. The Reinsurer shall have the right to investigate each such claim and interpose, at its own expense, in the proceeding where such claim is to be adjudicated, any defenses which it may deem available to the Company or its receiver, liquidator, or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as the result of the defense undertaken by the Reinsurer.

I. The Reinsurer may offset any balance(s), whether on account of premiums, commissions, claims, losses, adjustment expense, salvage or any other amount(s) due from one party to the other under this Certificate of Reinsurance or under any other agreement heretofore or hereafter entered into between the Company and the Reinsurer, whether acting as assuming reinsurer or as ceding company.

J. Should the Company's policy be cancelled this Certificate shall terminate automatically at the same time and date. This Certificate may also be cancelled by the Company or by the Reinsurer upon not less than the number of days shown in Item 7 except ten (10) days for non-payment of premium with prior written notice, one to the other, stating when thereafter the reinsurance afforded hereby shall terminate. Proof of mailing shall be deemed proof of notice and calculation of the earned premium shall follow the Company's calculation in the use of short rate or pro rata tables.

K. The terms of this Certificate of Reinsurance shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

**In Witness Whereof,** CONSTITUTION REINSURANCE CORPORATION has caused this Certificate of Reinsurance to be signed by its President and Secretary at New York, New York, but the same shall not be binding upon the Reinsurer unless countersigned by an authorized representative of the Reinsurer.

James J. [illegible] Secretary

[illegible] President

A 777

ENDORSEMENT NO 1

FOR ATTACHMENT TO CERTIFICATE NO 64075 BETWEEN A/C: OWENS-CORNING FIBERGLAS COR R/I: AETNA CASUALTY & SURETY CO. # 02 XS 1712 SCA and CONSTITUTION REINSURANCE CORPORATION EFFECTIVE DATE OF THIS ENDORSEMENT OCTOBER 22, 1976

FROM 12:01 O'CLOCK A.M. STANDARD TIME OF THE ABOVE EFFECTIVE DATE IT IS UNDERSTOOD AND AGREED THAT THE CERTIFICATE OF WHICH THIS ENDORSEMENT FORMS A PART IS HEREBY AMENDED IN THE FOLLOWING PARTICULARS

FOR VALUE RECEIVED, IT IS AGREED THAT THE CERTIFICATE OF WHICH THIS ENDORSEMENT FORMS A PART SHALL BE AMENDED TO REFLECT A CANCELLATION NOTIFICATION PERIOD OF (60) SIXTY DAYS IN LIEU OF (30) THIRTY DAYS AS SHOWN.

IT IS FURTHER AGREED THAT THIS CERTIFICATE MAY BE CANCELLED FOR NON-PAYMENT OF THE PREMIUM WITH NOT LESS THAN TEN DAYS WRITTEN NOTICE STATING WHEN THE CANCELLATION SHALL BE EFFECTIVE.

REGISTERED

OCT 1977

PAID

ALL OTHER TERMS AND CONDITIONS REMAIN UNALTERED.

**In Witness Whereof,** THE CONSTITUTION REINSURANCE CORPORATION HAS CAUSED THIS ENDORSEMENT TO BE SIGNED BY ITS PRESIDENT AND SECRETARY AT NEW YORK, NEW YORK, BUT THE SAME SHALL NOT BE BINDING UPON THE REINSURER UNLESS COUNTERSIGNED BY ANOTHER OFFICER OF THE REINSURER.

Secretary

President

COUNTERSIGNED AT NEW YORK, NEW YORK THIS 27th DAY OF APRIL, 19 77

CONSTITUTION REINSURANCE CORPORATION

D 002031

A 778

ENDORSEMENT NO. -

FOR ATTACHMENT TO CERTIFICATE NO 64075 BETWEEN A/C: OWNES-CORNING FIBERGLAS CORP R/I: AETNA CASUALTY & SURETY COMPANY # 02 XS 1712 SCA
CONSTITUTION REINSURANCE CORPORATION EFFECTIVE DATE OF THIS ENDORSEMENT OCTOBER 22, 1976

FROM 12:01 O'CLOCK A.M. STANDARD TIME OF THE ABOVE EFFECTIVE DATE IT IS UNDERSTOOD AND AGREED THAT THE CERTIFICATE OF WHICH THIS ENDORSEMENT FORMS A PART IS HEREBY AMENDED IN THE FOLLOWING PARTICULARS:

FOR VALUE RECEIVED, IT IS UNDERSTOOD AND AGREED THAT ITEM 6 - PREMIUM SHALL BE AMENDED TO INCLUDE THE FOLLOWING WORDS:

MINIMUM AND DEPOSIT ADJUSTABLE AT A RATE OF .0339 PER 1,000 SALES.

REGISTERED
OCT 1977
PAID ______

ALL OTHER TERMS AND CONDITIONS REMAIN UNALTERED.

In Witness Whereof, THE CONSTITUTION REINSURANCE CORPORATION HAS CAUSED THIS ENDORSEMENT TO BE SIGNED BY ITS PRESIDENT AND SECRETARY AT NEW YORK, NEW YORK, BUT THE SAME SHALL NOT BE BINDING UPON THE REINSURER UNLESS COUNTERSIGNED BY ANOTHER OFFICER OF THE REINSURER.

[signature] Secretary

[signature] President

COUNTERSIGNED AT NEW YORK, NEW YORK THIS 25th DAY OF OCTOBER, 1977

CONSTITUTION REINSURANCE CORPORATION

A 779

ENDORSEMENT NO. [illegible]

FOR ATTACHMENT TO CERTIFICATE NO 64075 BETWEEN A/C: OWENS-CORNING FIBERGLAS CORP
R/I: AETNA CASUALTY & SURETY #02 XS 1712 SCA
CONSTITUTION REINSURANCE CORPORATION EFFECTIVE DATE OF THIS ENDORSEMENT APRIL 20, 1977

FROM 12:01 O'CLOCK A.M. STANDARD TIME OF THE ABOVE EFFECTIVE DATE IT IS UNDERSTOOD AND AGREED THAT THE CERTIFICATE OF WHICH THIS ENDORSEMENT FORMS A PART IS HEREBY AMENDED IN THE FOLLOWING PARTICULARS

IN CONSIDERATION OF AN ADDITIONAL NET PREMIUM OF $3,963.38, IT IS UNDERSTOOD AND AGREED THAT COVERAGES PROVIDED HEREUNDER ARE EXTENDED TO INCLUDE:

1. LLOYD A. FRY ROOFING
2. TRUMBULL ASPHALT CO.

SUBJECT TO THE FOLLOWING CONDITIONS:

A. NO COVERAGE IS PROVIDED HEREUNDER FOR CLAIMS ARISING OUT OF POLLUTION ON OR INTO ANY BODY OF WATER, THE LAND OR THE AIR.

B. NO COVERAGE IS PROVIDED HEREUNDER FOR CLAIMS ARISING FROM ASBESTOSIS.

REGISTERED

APR 6 1979

PAID

ALL OTHER TERMS AND CONDITIONS REMAIN UNALTERED.

In Witness Whereof, THE CONSTITUTION REINSURANCE CORPORATION HAS CAUSED THIS ENDORSEMENT TO BE SIGNED BY ITS PRESIDENT AND SECRETARY AT NEW YORK, NEW YORK, BUT THE SAME SHALL NOT BE BINDING UPON THE REINSURER UNLESS COUNTERSIGNED BY ANOTHER OFFICER OF THE REINSURER.

Secretary

President

COUNTERSIGNED AT NEW YORK, NEW YORK THIS 5th DAY OF APRIL, 19 79

CONSTITUTION REINSURANCE CORPORATION

D 002033

A 780

ENDORSEMENT NO. 4

FOR ATTACHMENT TO CERTIFICATE NO. 64075 BETWEEN A/C: OWENS-CORNING FIBERGLAS CORP R/I: AETNA CASUALTY & SURETY COMPANY #02 XS 1712 SCA and CONSTITUTION REINSURANCE CORPORATION. EFFECTIVE DATE OF THIS ENDORSEMENT OCTOBER 22, 1977

FROM 12:01 O'CLOCK A.M. STANDARD TIME OF THE ABOVE EFFECTIVE DATE IT IS UNDERSTOOD AND AGREED THAT THE CERTIFICATE OF WHICH THIS ENDORSEMENT FORMS A PART IS HEREBY AMENDED IN THE FOLLOWING PARTICULARS.

IT IS UNDERSTOOD AND AGREED THAT:

- ☐ ITEM 1 - TYPE OF INSURANCE
- ☐ ITEM 2 - POLICY LIMITS AND APPLICATION
- ☐ ITEM 3 - COMPANY RETENTION
- ☐ ITEM 4 - REINSURANCE ACCEPTED
- ☐ ITEM 5 - BASIS OF ACCEPTANCE
- ☐ ITEM 6 - PREMIUM
- ☐ ITEM 7 - CANCELLATION NOTICE
- ☒ AUDIT
- ☐ INCEPTION DATE
- ☐ EXPIRATION DATE
- ☐ NAME OF INSURED
- ☐ ENDORSEMENT NUMBER
- ☐ CANCELLED

☐ SHALL BE AMENDED TO READ AS FOLLOWS:

CHARGED FOR THE PERIOD OF OCTOBER 22, 1976 TO OCTOBER 22, 1977 HAS BEEN COMPLETED.

REGISTERED

JUN 21 1979

PAID

| ADDITIONAL PREMIUM | RETURN PREMIUM | CEDING COMMISSION |
|---|---|---|
| $15,669.13 NET | --- | --- |

ALL OTHER TERMS AND CONDITIONS REMAIN UNALTERED.

In Witness Whereof, THE CONSTITUTION REINSURANCE CORPORATION HAS CAUSED THIS ENDORSEMENT TO BE SIGNED BY ITS PRESIDENT AND SECRETARY AT NEW YORK, NEW YORK, BUT THE SAME SHALL NOT BE BINDING UPON THE REINSURER UNLESS COUNTERSIGNED BY ANOTHER OFFICER OF THE REINSURER.

Secretary President

COUNTERSIGNED AT NEW YORK, NEW YORK THIS 18th DAY OF JUNE, 19 79

CONSTITUTION REINSURANCE CORPORATION

FM 16.0.112 (4-78)

OFFICE COPY

D 002034