UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Travelers Casualty & Surety Co. (f/k/a The Aetna Casualty and Surety Co.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Gerling Global Reinsurance Corp. of America (f/k/a Constitution Reinsurance Corp.),<br><br>　　　　　Defendant. | CIVIL ACTION<br>NO. 3:01-cv-872 (JBA)<br><br><br>NOVEMBER 8, 2005 |

**PLAINTIFF TRAVELERS CASUALTY AND SURETY CO.'S REPLY TO DEFENDANT GERLING GLOBAL REINSURANCE CORPORATION OF AMERICA'S BELATED OPPOSITION**

Plaintiff Travelers Casualty and Surety Co. (f/k/a The Aetna Casualty and Surety Company) ("Travelers"), respectfully submits this reply in further support of its Motion for Entry of Judgment and in opposition to Defendant Gerling Global Reinsurance Corp. of America's ("Gerling") Motion to Withdraw its Opposition to Travelers' Motion for Entry of Judgment ("Withdrawal of Opposition").  To the extent that the Withdrawal of Opposition simply withdraws the opposition brief previously filed by Gerling on October 7, 2005 (the "Original Opposition"), Travelers is in agreement with the motion.  However, in its Withdrawal of Opposition, Gerling also raises a brand new argument which nowhere appeared in the Original Opposition.  Gerling's new argument – that it disagrees with Travelers as to the date on which pre-judgment interest first compounds (the "Belated Opposition")[1] – is inappropriate, untimely, and also incorrect as a matter of law.

---

[1] The "Belated Opposition" refers only to that portion of the Withdrawal of Opposition which interposes this new argument.

**ARGUMENT**

I.  **GERLING'S ORIGINAL OPPOSITION AGREED WITH TRAVELERS' INTEREST CALCULATIONS AND MOREOVER GERLING WITHDREW ITS OPPOSITION**

On September 16, 2005, Travelers filed a Motion for Entry of Judgment, seeking judgment in the amount of $6,726,825 (reflecting $4,390,817 in principal and $2,336,008 in prejudgment interest) as well as post-judgment interest of 9% on that total amount from August 18, 2005, the date of decision by the Court of Appeals, to the date of this Court's entry of judgment. On October 7, 2005, Gerling filed an opposition to Travelers Motion for Entry of Judgment with this Court (the "Original Opposition"). In the Original Opposition, Gerling opposed only the amount of principal at issue, relying on an argument that ignored a specific private contractual agreement executed in 1995 between the parties. *See* Withdrawal of Opp. ¶ 3. As Gerling concedes, its opposition was inappropriate as a result. After Travelers brought this fact to the attention of Gerling's counsel, Gerling agreed to withdraw its Original Opposition. *See id.* ¶ 5 ("Gerling has no objection to judgment being entered in Travelers' favor in the principal amount of $4,390,817, plus appropriate prejudgment interest.").

In its Original Opposition, Gerling nowhere objected to the dates from which Travelers calculated interest. *See generally* Opp. In fact, Gerling stated in its Opposition that "pre-judgment interest is properly calculated by applying the 9% annual pre-judgment interest rate to the amount of each bill . . . . The calculation then multiplies the amount . . . by the number of years from the date of billing until the date of entry of judgment in favor of Travelers." *See* Opp. at 4 & Ex. 6, Cht. B (reflecting the August 18, 2005 date). This is exactly the calculation made by Travelers in its Motion

for Entry of Judgment. *See* Motion for Entry of Judgment Exs. A & B (reflecting the August 18, 2005 date).

Although counsel for Travelers and Gerling consulted with respect to the Withdrawal of Opposition, counsel for Gerling did not inform Travelers until shortly before the filing deadlines that, even though it had filed an opposition without raising the issue and the time for objecting had passed, it intended to assert its new argument in opposition to Travelers' Motion For Entry of Judgment. Gerling is entitled to only one opposition under the Federal Rules and the rules of this Court, an entitlement of which it took full opportunity. The rules also provide a definite deadline for the filing of oppositions, unless otherwise agreed or provided by the Court. Under the applicable rules, Gerling's time to file an opposition expired on October 7, 2005. *See* D. Conn. Local R. Civ. P. 7(a)(1). The Belated Opposition, which interposes a new argument against Travelers' Motion for Entry of Judgment, was filed more than 20 days too late and should be rejected for that reason alone.[2]

## II. TRAVELERS' MOTION FOR ENTRY OF JUDGMENT CALCULATES INTEREST AS MANDATED BY NEW YORK LAW

Not only is Gerling's Belated Opposition untimely and inappropriate, but it is also wrong as a matter of law. As discussed in Travelers Motion for Entry of Judgment, the 9% simple interest provided under New York law[3] accrues during three periods: (1) from accrual of a cause of action "to the date the verdict was rendered or the report or decision was made," (N.Y. C.P.L.R. 5001(c)), (2) "from the date the verdict was

---

[2] To the extent Gerling argues that its October 31 filing constitutes a sur-reply, the Belated Opposition is still inappropriate as local rules do not provide for automatic sur-reply. *See* D. Conn. Local R. Civ. P. 7.

[3] *See* N.Y. C.P.L.R. 5004.

rendered or the report or decision was made to the date of entry of final judgment," (N.Y. C.P.L.R. 5002) and (3) from entry of judgment until judgment is satisfied in full (N.Y. C.P.L.R. 5003). At the end of each period, the interest is added to the principal amount and the 9% accrues on the new total amount (*i.e.*, interest is compounded). *See* N.Y. C.P.L.R. 5001, 5002, 5003 (McKinney 1992). In accordance with the first step of the statute, Travelers determined how much time had run from the date of each individual bill sent to Gerling until August 18, 2005 – the date of the decision rendered by the Second Circuit. *See* Motion for Entry of Judgment, Ex. B.

Although Gerling does not state any legal basis in its Belated Opposition for its newfound objection to Travelers' interest calculation involving the compounding of interest, it appears that Gerling challenges whether the date of the Second Circuit's determination of legal liability constitutes the date of decision for purposes of N.Y. C.P.L.R. 5002. Gerling appears to suggest this Court's date of judgment (a judgment yet to be issued) is the relevant date for purposes of the first point of the compounding of interest that is provided by N.Y. C.P.L.R. 5002 (and 5001).

With respect to "interest from verdict, report or decision to judgment," Section 5002 states: "Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, *from the date the verdict was rendered or the report or decision was made* to the date of entry of final judgment. . . ." (Emphasis added). Under New York law "the date the verdict was rendered or the report or decision was made" is the date on which legal liability is established. The date that liability is established is the starting point for prejudgment interest accrual under Section 5002. *See Love v. State of New York,* 78 N.Y.2d 540, 545 (1991).

*Love* involved a bifurcated trial, with the court determining liability early on and making a later decision on damages. *Id.* The New York Court of Appeals noted that where, as in a bifurcated personal injury trial, there are two verdicts, applying N.Y. C.P.L.R. 5002's language "the date which the verdict was rendered" is problematic. *Id.* at 542. The court reasoned that what is dispositive in selecting the proper verdict as a starting point is when the plaintiff's right to compensation is fixed in law. *Id.* at 544. The court stated "the plaintiff's right to be made whole becomes fixed when the verdict holding the defendant liable is rendered" and thus that is the pertinent verdict for the purposes of N.Y. C.P.L.R. 5002. *Id*. at 544. *See also Gordon v. City of New York*, 188 Misc. 2d 246, 248 (N.Y. Sup. Ct. 2001) (awarding interest from summary judgment decision); *Hayes v. City of New York*, 264 A.D.2d 610, 611 (N.Y. App. Div. 1999) (awarding interest from date judge struck defendant's answer, which was date that liability was established). As explained in McKinney's Consolidated Laws of New York Annotated:

> What interest is the cost of the use of money, and once it has been established, through a liability finding, that the defendant is in debt to the plaintiff, the defendant must be deemed to be holding the plaintiff's money as of that moment. It makes no difference that the amount of the debt has not yet been determined. . . . When ultimately the amount is determined, the defendant should therefore pay the plaintiff the cost of that use, and interest is merely the standard for measuring the cost.

N.Y. C.P.L.R. 5002, p. 400 (McKinney 1992).

In this case, the Second Circuit determined unequivocally on August 18, 2005 that legal liability attached to Gerling's actions. The Second Circuit stated: "[W]e hold that Travelers is entitled to summary judgment as a matter of law" and "Gerling is required to indemnify Travelers for that portion of the OCF Settlement—as allocated by

Travelers—covered by Gerling's reinsurance certificates." *Travelers Cas. & Surety Co. v. Gerling Global Reins. Corp.*, 419 F.3d 181, 195 (2d Cir. 2005). The Second Circuit then remanded to this Court for the entry of judgment – but not for any new determination as to liability. This Court now has only to determine and issue judgment. As a result, the interest mandated under Section 5002 began to accrue on the total of the principal amount plus the interest accrued under Section 5001 as of August 18, 2005, the date the Second Circuit determined Gerling's liability. The "pre-judgment interest on pre-judgment interest" to which Gerling belatedly objects (*see* Withdrawal of Opp. ¶ 5) is, in fact, *mandated* by New York law.

## **CONCLUSION**

Gerling's objection to the interest calculation in Travelers' Motion for Entry of Judgment is inappropriate, untimely, and unsupported as a matter of New York law. Travelers therefore respectfully requests that judgment as described in Travelers' Motion for Entry for Judgment be entered in its entirety, *i.e.*:

(i)  Judgment in the principal amount of $4,390,817, *plus*

(ii) Prejudgment interest in the amount of $2,336,008 (from billing to the date of the Second Circuit decision on August 18, 2005);

(iii) Interest at a rate of nine percent per annum on the total amount of $6,726,825 (representing principal plus prejudgment interest) during the period from decision to entry of judgment; and

-7-

(iv) Interest at a rate of nine percent per annum on the total amount of principal plus all interest accrued to judgment until the judgment is satisfied in full.

        THE PLAINTIFF,
        Travelers Casualty & Surety Co.

By:         //ss//
        Thomas F. Maxwell, Jr. (00132)
        Pullman & Comley, LLC
        850 Main Street, P.O. Box 7006
        Bridgeport, CT  06601-7006
        Telephone (203) 330-2000
        Facsimile (203) 576-8888
        E-Mail:  tmaxwell@pullcom.com
        Its Attorneys

        - and –

Mary Kay Vyskocil (ct02814)
Simpson, Thacher & Bartlett
425 Lexington Avenue
New York, NY  10017
Telephone:  (212)455-2000
Facsimile:  (212)455-2502

-8-

## CERTIFICATE OF SERVICE

    I hereby certify that on November 8, 2005, a copy of the foregoing Plaintiff Travelers Casualty and Surety Co.'s Reply to Defendant Gerling Global Reinsurance Corporation of America's Belated Opposition was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                          //ss//
                Thomas F. Maxwell, Jr. (ct00132)
                Pullman & Comley, LLC
                850 Main Street, P.O. Box 7006
                Bridgeport, CT  06601-7006
                Phone:  (203) 330-2000
                Fax:  (203) 576-8888
                E-mail:  tmaxwell@pullcom.com

Bridgeport/67606.3/TXM/578337v1